UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JASMINE PHILLIPS,**

   *Plaintiff*,

v.

**CLARITY SERVICES, INC.,**

   *Defendant*.

Case No: 8:24-cv-2618

**JURY TRIAL DEMANDED**

## COMPLAINT AND JURY TRIAL DEMAND

**COMES NOW**, the Plaintiff, JASMINE PHILLIPS ("**Ms. Phillips**"), by and through her undersigned counsel, Seraph Legal, P.A., and complains of the Defendant, CLARITY SERVICES, INC. ("**Clarity**" or "**Defendant**"), and in support thereof states as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Ms. Phillips against the Defendant for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("**FCRA**").

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. The Defendant is subject to the jurisdiction of this Court pursuant to § 48.193(1)(a)(1), Fla. Stat. and Fed. R. Civ. P. 4(k).

4. Venue is proper in the Middle District of Florida because the acts of which Ms. Phillips complains were committed and/or caused by the Defendant within Hillsborough County, which is located in the Middle District.

## PARTIES

### Ms. Phillips

5. Ms. Phillips is a natural person residing in Polk County, Florida.

6. Ms. Phillips is also known as Jasmine Goins.

7. Ms. Phillips is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

### Clarity

8. Clarity is a Delaware corporation, with a principal business address of 475 Anton Boulevard, Costa Mesa, CA 92626.

9. Clarity is registered to conduct business in the State of Florida, where its Registered Agent is CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.

10. Clarity is a *Consumer Reporting Agency* ("CRA") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

## FACTUAL ALLEGATIONS

### Clarity's Inaccurate Consumer Reports Regarding Ms. Phillips

11. Clarity began maintaining a credit file on Ms. Phillips either in or prior to the year 2021.

12. Clarity programmed its systems to report as much information about consumers as possible, with little regard to the quality or truthfulness of the data.

13. For example, Clarity reported that Ms. Phillips had a "0 Month" employment history at six (6) different times between August 22, 2022 and April 16, 2024, yet it also reported she had a 35-month employment history as of November 11, 2023; contradictory data of which Clarity should be well-aware cannot be true in both instances. **SEE PLAINTIFF'S EXHIBIT A, p. 2.**

14. The "0" value for employment history is, in reality, a placeholder which Clarity's systems insert automatically when a data furnisher fails to provide a person's length of employment.

15. On April 16, 2024, Clarity reported that the date of Ms. Phillips' next paycheck would be January 1, 2001; i.e., *twenty-three (23) years ago*. **SEE PLAINTIFF'S EXHIBIT A, p. 3.**

16. When a data furnisher does not provide information regarding the date of a consumer's next paycheck, Clarity's system automatically inserts a value of "January 1, 2001" as a placeholder.

17. The information Clarity reported is not only false, but absurd on its face, since an employer cannot provide a worker's future paycheck over two (2) decades in the past.

18. On April 16, 2024, Clarity also reported that Ms. Phillips' "Pay Frequency" is "ANNUALLY", i.e., Ms. Phillips' employer only pays her once per year. **SEE PLAINTIFF'S EXHIBIT A, p. 3.** This information is likewise false as her employer does not pay Ms. Phillips only once a year.

19. Upon information and belief, Clarity uses "ANNUALLY" as a placeholder when data furnishers fail to report any pay frequency regarding a consumer, or reports such information in a non-standard manner that Clarity's systems cannot parse correctly.

20. Clarity also reported an "Employer Address" of "NULL NULL NULL" for Ms. Phillips' employer. **SEE PLAINTIFF'S EXHIBIT A, p. 2.**

21. The address "NULL NULL NULL" is a placeholder Clarity's systems automatically insert when a data furnisher does not supply an employer address.

22. Clearly, an employer address of "NULL NULL NULL" does not exist.

23. In sum, Clarity programmed its systems to *insert false information* into consumer credit files in express contravention of the FCRA's mandate to follow reasonable procedures to assure maximum possible accuracy.

24. Clarity's records establish that it sold at least six (6) reports regarding Ms. Phillips in the past two (2) years.

25. Each of these reports contain false and nonsensical information about Ms. Phillips' employment history, pay frequency, work address, and more.

26. As a subsidiary of Experian Information Solutions ("Experian"), one of the largest CRAs in the world, Clarity operates in stark contrast to its parent company.

27. While Experian enforces Metro 2 guidelines, industry standards which contain hundreds of pages of explanations regarding how to report information covering almost every conceivable scenario, which other large CRAs use to serve as a common language, Clarity requires no such compliance and has no discernable quality-assurance standards.

28. In fact, Clarity frequently reports lengths of employment and residential history that exceed one million years, in addition to other information that is clearly false.

29. The FCRA is clear in its requirement that as a CRA, Clarity is required to prepare accurate reports:

> **Accuracy of Report.** Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. *15 U.S.C. §1681e(b).*

30. The FCRA required Clarity to follow reasonable procedures to assure the maximum possible accuracy of any information Clarity reported concerning Ms. Phillips.

31. When it sold reports regarding Ms. Phillips over the last two (2) years, Clarity knew, or should have known, that even under a best-case scenario, it was

selling data which contained at least five(5) datapoints it had fabricated. After all, Clarity's system were programmed to create and sell this inaccurate data.

32. At no point did Clarity disclose to buyers of its credit reports about Ms. Phillips that datapoints like "ANNUALLY" and "0" are mere placeholders.

33. Clarity could have simply omitted records with incomplete information rather than program its systems to insert false information into its reports an attempt to fill any gaps.

34. As a result of the Defendant's actions, Ms. Phillips has suffered damages, including lost financial opportunities, loss of credit, lower credit scores, emotional distress, and damage to her reputation.

35. Ms. Phillips has hired the undersigned law firm to represent her in this matter and has assigned the firm her right to fees and costs.

## COUNT I
## CLARITY'S WILLFUL VIOLATIONS OF 15 U.S.C. § 1681e(b)

36. Ms. Phillips adopts and incorporates paragraphs 1 through 35 as if fully restated herein.

37. Clarity violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure the maximum possible accuracy of the consumer reports it sold regarding Ms. Phillips by including false information about her length of employment, her employer's address, and other information.

38. Numerous consumers have sued Clarity for similar violations; therefore, Clarity is aware it frequently sells reports with out-of-date, false tradeline information.

39. Clarity's conduct was thus willful or done with a reckless disregard for Ms. Phillips' rights under the FCRA.

40. As a result of its conduct, Clarity is liable to Ms. Phillips pursuant to the FCRA for the greater of Ms. Phillips' actual damages or statutory damages of up to $1,000 for *each occurrence*, punitive damages, reasonable attorneys' fees, and costs per 15 U.S.C. § 1681n.

**WHEREFORE**, Ms. Phillips respectfully requests this Honorable Court enter judgment against Clarity for:

   a. The greater of Ms. Phillips' actual damages and statutory damages of $1,000 per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

   b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

   c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

   d. Such other relief that this Court deems just and proper.

## COUNT II
## CLARITY'S NEGLIGENT VIOLATIONS OF 15 U.S.C. § 1681e(b)
### (Pled in the Alternative to Count I)

41. Ms. Phillips adopts and incorporates paragraphs 1 through 35 as if fully restated herein, and pleads this count strictly in the alternative to Count I.

42. Clarity violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure the maximum possible accuracy of the consumer

reports it sold regarding Ms. Phillips when Clarity included false information about her length of employment, her employer's address, and other information.

43. Clarity owed Ms. Phillips a legal duty to utilize reasonable procedures to assure the maximum possible accuracy of its consumer reports regarding Ms. Phillips.

44. Clarity breached this duty when it sold consumer reports containing false information about her length of employment, her employer's address, and other information.

45. Clarity acted negligently; therefore Ms. Phillips is entitled to her actual damages, attorneys' fees, and costs, pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Ms. Phillips respectfully requests this Honorable Court enter judgment against Clarity for:

    a. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

    b. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and

    c. Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted on November 8, 2024, by:

**SERAPH LEGAL, P.A.**

*/s/ Megan Rosenberg*
Megan A. Rosenberg, Esq.
Florida Bar No.: 1005213
mrosenberg@seraphlegal.com
Thomas M. Bonan, Esq.,
FBN: 118103
tbonan@seraphlegal.com
2124 W. Kennedy Blvd., Suite A
Tampa, FL 33606
Tel: 813-567-1230
Fax: 855-500-0705
*Counsel for Plaintiff*

**ATTACHED EXHIBIT LIST**
A    Ms. Phillips' Clarity Consumer Disclosure, October 17, 2024 – Excerpts